UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AHMADREZA MORADIPARI,<br><br>Plaintiff,<br><br>v.<br><br>JOSEPH B. EDLOW, et al.,<br><br>Defendants. | Case No. 25-cv-10406-NW<br><br>**ORDER DENYING MOTION TO DISMISS**<br><br>Re: ECF No. 10 |

On December 12, 2025, Plaintiff Ahmadreza Moradipari, a citizen of Iran, filed this action against the Secretary of the United States Department of Homeland Security ("DHS"), the Attorney General of the United States, and the Director of U.S. Citizenship and Immigration Services for this District ("USCIS") (collectively, the "Government" or "Defendants") challenging the Government's failure to timely adjudicate his I-485 Application to Register Permanent Residence or Adjust Status ("I-485 Application").  Compl., ECF No. 1.

Plaintiff filed his I-485 Application on March 31, 2023.  As of the date of this Order, Plaintiff's application has been pending for over 38 months.  Plaintiff explains that USCIS issued a policy memorandum on December 2, 2025, that placed an "adjudicative hold" on a wide range of pending requests for immigration benefits filed by non-citizens from a list of 19 countries, including Iran.

The Government now moves to dismiss Plaintiff's complaint.  ECF No. 10.  The only issue raised in the Government's motion is whether this Court "lacks jurisdiction to compel the adjudication of I-485 adjustment applications under the jurisdiction-stripping provision of the INA, 8 U.S.C. § 1252(a)(2)(b)(ii)."  *Id*. at 2.  The motion is fully briefed.  ECF Nos. 11, 12.  The Court held hearings on the motion on May 6, 2026, and on June 9, 2026.  For the reasons set forth

United States District Court
Northern District of California

below, the Court DENIES Defendants' motion.

## I.    LEGAL STANDARD

"A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) tests whether the court has subject matter jurisdiction." *Williams v. Apple, Inc.*, 449 F. Supp. 3d 892, 900 (N.D. Cal. 2020). "Federal courts are courts of limited jurisdiction [and] possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In a "facial" 12(b)(1) challenge, as is presented here, the Court assumes a plaintiff's factual allegations to be true and draws all reasonable inferences in plaintiff's favor. *Oracle Corp. v. ORG Structure Innovations LLC*, No. 11-cv-3549 SBA, 2012 WL 12951187, at *3 (N.D. Cal. Mar. 30, 2012) (citing *Doe v. See*, 557 F.3d 1066, 1073 (9th Cir. 2009)).

### A.    Section 1252(a)(2)(B)(ii)

Section 1252(a)(2)(B), titled "Denials of discretionary relief," provides the following limitations on judicial review:

> Notwithstanding any other provision of law . . . and except as provided in subparagraph (D), and regardless of whether the judgment, decision, or action is made in removal proceedings, **no court shall have jurisdiction to review**—
>
> (i) any judgment regarding the granting of relief under section 1182(h), 1182(i), 1229b, 1229c, or 1255 of this title, or
>
> (ii) **any other decision or action of the Attorney General or the Secretary of Homeland Security** the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of relief under section 1158(a) of this title.

8 U.S.C. § 1252(a)(2)(B) (emphasis added). The Government invokes subpart (B)(ii).

## II.    DISCUSSION

This District has recently and repeatedly been required to decide whether 8 U.S.C. § 1252(a)(2)(B) strips the Court of subject matter jurisdiction over a case challenging the failure of USCIS to adjudicate certain immigration applications, including I-485 Applications. *See e.g., Varniab v. Edlow*, No. 25-cv-10602-SVK, 2026 WL 485490, at *2 (N.D. Cal. Feb. 20, 2026); *Gao*

2

*v. Mullin*, No. 25-CV-01479-SVK, 2026 WL 948665, at *5 (N.D. Cal. Apr. 8, 2026); *Wang v. Edlow*, No. 25-CV-10689-SVK, 2026 WL 1021204, at *3 (N.D. Cal. Apr. 15, 2026); *Narayan v. Edlow*, No. 25-CV-11000-SVK, 2026 WL 1050227, at *1 (N.D. Cal. Apr. 16, 2026); *Soheyl Yousefisahi v. Edlow*, No. 25-CV-09728-LJC, 2026 WL 1388704, at *7 (N.D. Cal. May 18, 2026). Other judges in this District have thoughtfully addressed the Government's jurisdictional arguments and have consistently found that courts have subject matter jurisdiction to hear cases concerning USCIS's failure to adjudicate immigration applications. This District has unanimously held that "USCIS has a non-discretionary duty to adjudicate I-485 applications that is enforceable notwithstanding § 1252(a)(2)(B)(ii)." *Yousefisahi*, 2026 WL 1388704, at *7.

Here, the Government raises the same arguments it raised in these preceding cases, namely that Section 1252(a)(2)(B)(ii) strips courts of jurisdiction for all "Pace-of-Adjudication Claims," such as Plaintiff's. ECF No. 10 at 5. The Government attempts to shoehorn "Pace-of-Adjudication Claims" into the language of subpart (B)(ii), by arguing that a decision to adjudicate certain immigration applications constitutes a "decision or action of the Attorney General or the Secretary of Homeland Security" over which courts lack jurisdiction. 8 U.S.C. § 1252(a)(2)(B)(ii).

Given that the Government relies on identical arguments that this District has rejected, the Court adopts the rationale from *Yousefisahi* (and the predecessor opinions) in its entirety and applies it to this case. The Court does not repeat the thorough analysis from those opinions but instead highlights two key points that inform the Court's holding that Section 1252(a)(2)(B)(ii) has not revoked the Court's jurisdiction over Plaintiff's case.[1]

First, pursuant to the Administrative Procedure Act ("APA") and regulations governing adjustment of status applications, such as Plaintiff's, USCIS has a statutory duty to (a) adjudicate applications and (b) to do so "within a reasonable time." Section 245.2(a)(5)(i), titled Proper Filing of Adjustment of Status Applications, provides "[t]he applicant *shall* be notified of the

---

[1] There is no dispute in this case that but for the jurisdiction-stripping statute on which the Government relies, Plaintiff's claims would fall within the Court's subject matter jurisdiction based on 28 U.S.C. § 1331 (providing for jurisdiction over federal questions), 28 U.S.C. § 1361 (the mandamus statute), or 5 U.S.C. § 704 (the APA's provision for judicial review).

United States District Court
Northern District of California

decision of the director and, if the application is denied, the reasons for the denial." 8 C.F.R. § 245.2(a)(5)(i). The pace of adjudication of such applications or a failure to act "falls within the APA's default rule" that agencies "within a reasonable time . . . shall proceed to conclude a matter presented to it." 5 U.S.C. § 555(b); *Varniab*, 2026 WL 485490, at *8. While USCIS has discretion to decide the outcome of an application, the Government "has not identified any statute or regulation specifically conferring discretion with respect to the pace of adjudication of I-485 applications, much less discretion for unreasonable delay." *Yousefisahi*, 2026 WL 1388704, at *4. Accordingly, the Court finds that USCIS's decision to place a hold on the adjudication of immigration applications from certain applicants – as implemented via the USCIS December 2025 policy memorandum – is not an unreviewable discretionary decision under the purview of subpart (B)(ii).

Second, the Government has not cited to any binding authority in support of their arguments under subpart (B)(ii). The Government confirmed as much during both motion hearings. Instead, the Government asks the Court to import the holdings in *Patel v. Garland*, 596 U.S. 328 (2022) and *Zia v. Garland*, 112 F.4th 1194 (9th Cir. 2024) concerning subpart (B)(i), which governs decisions to grant or deny applications, to subpart (B)(ii). *Patel* and *Zia* did not address pace of adjudication claims for applications that have not yet been resolved.  "Those cases 'each involved the question of whether courts have jurisdiction to review factual findings and other preliminary decisions made in connection with final decisions on individual applications for immigration benefits.'" *Gao*, 2026 WL 948665, at *3 (quoting *Varniab*, 2026 WL 485490, at *6). The Court finds the Government's argument that USCIS's failure to review immigration applications within a reasonable time constitutes a "decision or action of the Attorney General or the Secretary of Homeland Security" pursuant to subpart (B)(ii) to lack support.

**III.    CONCLUSION**

Defendants' motion to dismiss is DENIED. The Government confirmed during the hearing that Plaintiff's immigration interview is scheduled for June 23, 2026. By July 2, 2026, the parties are ORDERED to file a stipulated proposed schedule for compliance with the Case Management Events set in the Scheduling Order for Immigration Mandamus Case, ECF No. 4,

United States District Court
Northern District of California

including proposed deadlines for Defendant to file an answer and a motion for summary judgment, and subsequent briefing.

**IT IS SO ORDERED.**

Dated: June 11, 2026

Noël Wise
United States District Judge

United States District Court
Northern District of California

5